*498 MEMORANDUM **
As clarified at oral argument, Qwest Communications Corporation (Qwest) appeals the district court’s judgment in favor of the City of Portland (the City) on Qwest’s challenge to the franchise fees based on per-foot usage, and the “in-kind” provisions of its franchise agreement.
Time Warner Telecom of Oregon, LLC (TWT) appeals the district court’s judgment in favor of the City on TWT’s challenge to the five percent gross revenue fee included in its franchise agreement, and the district court’s determination that the services provided by TWT were included within the agreement’s definition of “telecommunication services.”
The City cross-appeals the district court’s determination that TWT’s “in-kind” requirement violated the Telecommunications Act.
1. The in-kind requirements that Qwest challenges, which were provided to the City twelve years ago, do not vest the City with broad discretion, and they do not have the effect of prohibiting the provision of telecommunications services, as demonstrated by Qwest’s continued operation. See Sprint Telephony PCS, LP v. County of San Diego, 543 F.3d 571, 578 (9th Cir.2008) (en banc) (setting the standard for whether a requirement violates the Telecommunications Act). Therefore, these requirements do not violate § 253(a) of the Telecommunications Act.
2. Similarly, because the annual fees imposed on Qwest, calculated on per-foot usage, do not have the effect of prohibiting Qwest from providing telecommunications services, they do not violate § 253(a).
3. The five percent gross revenue fees imposed on TWT by the City were taxes within the meaning of the Tax Injunction Act. See Qwest Corp. v. City of Surprise, 434 F.3d 1176, 1183-84 (9th Cir.2006) (describing factors to consider in determining whether a fee constitutes a tax). Therefore, we agree with the district court that the Tax Injunction Act deprived it of jurisdiction to review the specific provisions of the telecommunications franchise agreements. See id.
4. The district court committed no error when it decided that the information services provided by TWT fell within the broad definition of “telecommunications system” in the franchise agreement. See Bernard v. First Nat’l Bank of Oregon, 275 Or. 145, 550 P.2d 1203, 1210 (1976) (holding that under Oregon law, contract terms are presumed to have been used “in their primary and general acceptation” absent evidence to the contrary).
5. Ruling without the benefit of Sprint, the district court erred in determining that TWT’s in-kind requirements violated § 253 of the Federal Telecommunications Act. Under the standard adopted in Sprint, these requirements did not have the effect of prohibiting the provision of telecommunications services.
AFFIRMED IN PART AND REVERSED IN PART. EACH PARTY SHALL BEAR ITS COSTS ON APPEAL.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.